Argued and submitted January 12, reversed February 17, 1999

STATE OF OREGON,
*Respondent,*

*v.*

STEPHEN M. BAKER,
*Appellant.*

(971050046; CA A100980)

974 P2d 790

Douglas L. Schaeffer argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant appeals his conviction in a trial to the bench for possession of a loaded firearm in a public place in violation of Portland City Code (PCC) 14.32.010. PCC 14.32.010(c) provides that it is unlawful for a person to carry a loaded firearm upon his person on a public street or in a public place. Subsection (a) defines firearm as "a pistol, revolver, gun, *rifle*, or other ordnance[.]" (Emphasis added.) Subsection (e) provides a statutory defense:

> "The prohibitions in Subsections (b), (c), and (d) of this Section do not apply * * * to any person having a valid permit issued to him by lawful authority to carry or use firearms."

At the time of the alleged offense, defendant was in possession of a valid Oregon permit. However, the trial court rejected defendant's contention that he was excluded from prosecution, holding that "the fact that the defendant had a concealed handgun permit is not sufficient to take him out of the scope of the ordinance where the particular firearm in question here is a rifle."

On appeal, defendant argues that he comes "squarely within the exclusion created by PCC 14.32.010(e)" and that his conviction should, therefore, be reversed. Under the plain language of the ordinance, defendant is correct: The ordinance is not violated if a person has a valid permit to carry firearms, and "firearm" is defined to include rifles. On appeal, no party demonstrates why the plain language of the ordinance does not require that interpretation. The City made no appearance before this court, and the state has specifically declined to take a position on the correct interpretation of PCC 14.32.010. On these facts and arguments, we conclude that the trial court erred in denying defendant's motion for judgment of acquittal.

We do not need to reach defendant's remaining assignment of error.

Reversed.